# EXHIBIT A
*Notice of Settlement*

# EXHIBIT A
*Notice of Settlement*

Electronically Filed
11/27/2019 2:07 PM
Steven D. Grierson
CLERK OF THE COURT

1  Patrick G. Byrne (NV Bar #7636)
   Alex L. Fugazzi (NV Bar #9022)
2  V. R. Bohman (NV Bar #13075)
   SNELL & WILMER L.L.P.
3  3883 Howard Hughes Parkway, Suite 1100
   Las Vegas, NV 89169
4  Telephone:  702.784.5200
   Facsimile:  702.784.5252
5  Email:  pbyrne@swlaw.com
           afugazzi@swlaw.com
6           vbohman@swlaw.com

7

8  *Additional Counsel on Signature Block*

9  *Attorneys for Defendants John J. Hagenbuch, Ray R.
   Irani, Jay L. Johnson, Matthew Maddox, Robert J.
10 Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V.
   Shoemaker, J. Edward Virtue, and D. Boone Wayson*

11                        DISTRICT COURT

12                   CLARK COUNTY, NEVADA

13 IN RE WYNN RESORTS, LTD.          **Lead Case No. A-18-769630-B**
   DERIVATIVE LITIGATION             Consolidated with Case Nos.
14                                   A-18-769673-B, A-18-770013-B, A-18-770222-B,
                                     A-18-770578-B, A-18-771162-B, A-19-795981-B
15
                                     -AND-
16
                                     **Coordinated Cases**
17                                   A-18-785076-B, A-18-785733-B, A-18-785771-B,
                                     A-18-785942-B, A-18-785970-B, A-18-786074-B,
18                                   A-18-786149-B, A-18-786696-B, A-19-787070-B

19 AND ALL COORDINATED CASES         Dept. No.:  XVI

20                                   **NOTICE OF SETTLEMENT**

21

22         PLEASE TAKE NOTICE the Parties to the actions consolidated as Case No.

23 A-18-769630-B have reached an agreement in principle to resolve all claims related to this

24 matter. A copy of the Stipulation and Agreement of Settlement and Release ("Agreement") is

25 attached hereto as **Exhibit 1**.

26 ///

27 ///

28 ///

-1-

The Parties wish to vacate all upcoming deadlines (except the December 4, 2019 status check), and, pursuant to the Agreement, as soon as practicable, will jointly apply for entry of an order substantially in the form attached to the Agreement as Exhibit B.

Dated:  November 27, 2019                    SNELL & WILMER L.L.P.


                                             By:  /s/ V.R. Bohman
                                             Patrick G. Byrne (NV Bar # 7636)
                                             Alex L. Fugazzi (NV Bar #9022)
                                             V.R. Bohman (NV Bar #13075)
                                             3883 Howard Hughes Parkway, Suite 1100
                                             Las Vegas, NV 89169
                                             Telephone:  702.784.5200
                                             Facsimile:  702.784.5252

                                             Mark Holscher (*Pro Hac Vice*)
                                             Michael J. Shipley (*Pro Hac Vice*)
                                             Kirkland & Ellis LLP
                                             333 South Hope Street
                                             Los Angeles, CA 90071
                                             Telephone: 213.680.8190
                                             Facsimile: 213.808.8097

                                             Matthew Solum (*Pro Hac Vice*)
                                             Kirkland & Ellis LLP
                                             601 Lexington Avenue
                                             New York, NY 10022-4611
                                             Telephone: 212.446.4688
                                             Facsimile: 212.446.4900

                                             *Attorneys for Defendants John J. Hagenbuch, Ray R. Irani, Jay L. Johnson, Matthew Maddox, Robert J. Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V. Shoemaker, J. Edward Virtue, and D. Boone Wayson*

1

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On the below date, I caused to be served a true and correct copy of the foregoing **NOTICE OF SETTLEMENT** by the method indicated:

☐   **BY U.S. MAIL:**  by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below; and/or

☐   **BY EMAIL:**  by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below; and/or

☐   **BY PERSONAL DELIVERY:**  by causing personal delivery by _____, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below; and/or

☒   **BY ELECTRONIC SUBMISSION:**  submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer (NV Bar #1021)
Bradley S. Schrager (NV Bar #10217)
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120

**COHEN MILSTEIN SELLERS & TOLL LLC**
Julie Goldsmith Reiser (*Pro Hac Vice*)
Eric C. Berelovich (*Pro Hac Vice*)
1100 New York Avenue NW, Suite 500
Washington, D.C. 20005

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Laura H. Posner (*Pro Hac Vice*)
Alice Buttrick (*Pro Hac Vice*)
88 Pine Street, 14th Floor
New York, NY 10005

*Attorneys for Lead Plaintiffs Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System and Trustee of the New York State Common Retirement Fund; and, for the New York City Pension Funds*

**CAMPBELL & WILLIAMS**
J. Colby Williams (NV Bar #5549)
700 S. Seventh Street
Las Vegas, NV 89101

**LATHAM & WATKINS LLP**
Michele D. Johnson (*Pro Hac Vice*)
650 Town Center Drive
20th Floor, Costa Mesa, CA 92626-1925

**LATHAM & WATKINS LLP**
Colleen C. Smith (*Pro Hac Vice*)
12670 High Bluff Drive
San Diego, CA 92130

*Attorneys for Defendant Stephen A. Wynn*

**KEMP, JONES & COULTHARD, LLP**
William Kemp (NV Bar #1205)
J. Randall Jones (NV Bar #1927)
Michael J. Gayan (NV Bar #11135)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

*Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**GARMAN TURNER GORDON LLP**
Erika Pike Turner (NV Bar # 6454)
Dylan T. Ciciliano (NV Bar #12348)
650 White Drive, Suite 100
Las Vegas, NV 89119

**ORRICK, HERRINGTON &**
**SUTCLIFFE LLP**
James N. Kramer (*Pro Hac Vice*)
M. Todd Scott (*Pro Hac Vice*)
405 Howard Street
San Francisco, CA 94105

**ORRICK, HERRINGTON &**
**SUTCLIFFE LLP**
Christine Hanley (*Pro Hac Vice*)
701 5th Avenue, Suite 5600
Seattle, WA 98107

*Attorneys for Kimmarie Sinatra*

**THE O'MARA LAW FIRM, P.C.**
David C. O'Mara, Esq. (NV Bar #8599)
311 E. Liberty Street
Reno, NV 89501

**BOTTINI & BOTTINI**
Yuri A. Kolesnikov, Esq. (*Pro Hac Vice*)
7817 Ivanhoe Dr., Suite 102
La Jolla, CA 92037

*Attorneys for Dennis Rosen*

Dated this 27th day of November, 2019.

4836-2245-9822

**FENNEMORE CRAIG P.C.**
Brenoch R. Wirthlin (NV Bar # 10282)
300 South Fourth Street, Suite 1400
Las Vegas, NV 89101

*Attorney for Nominal Defendant Wynn Resorts, Ltd.*

**DICKINSON WRIGHT PLLC**
Michael N. Feder (NV Bar #7332)
Joel Z. Schwarz (NV Bar #9181)
Gabriel A. Blumberg (NV Bar #12332)
8363 West Sunset Road, Suite 200
Las Vegas, NV 89113-2210

*Attorneys for the Plaintiff in Intervention*
*Special Litigation Committee of the Board*
*of Directors of Wynn Resorts, Ltd*

**KENNEDY & COUVILLIER, PLLC**
Todd E. Kennedy, Esq. (NV Bar #6014)
Maximiliano D. Couvillier III, Esq. (NV Bar #7611)
3271 E. Warm Springs Rd.
Las Vegas, NV 89120

*Attorneys for Maurice Wooden and Authur Nathan*

 */s/ Lyndsey Luxford*
 An employee of SNELL & WILMER L.L.P.

- 4 -

# EXHIBIT 1

Stipulation and Agreement of Settlement and Release

1  Patrick G. Byrne (NV Bar #7636)
   Alex L. Fugazzi (NV Bar #9022)
2  V. R. Bohman (NV Bar #13075)
   SNELL & WILMER L.L.P.
3  3883 Howard Hughes Parkway, Suite 1100
   Las Vegas, NV 89169
4  Telephone:  702.784.5200
   Facsimile:  702.784.5252
5  Email: pbyrne@swlaw.com
          afugazzi@swlaw.com
6          vbohman@swlaw.com

7
   *Additional Counsel on Signature Block*
8
   *Attorneys for Defendants John J. Hagenbuch, Ray R.*
9  *Irani, Jay L. Johnson, Matthew Maddox, Robert J.*
   *Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V.*
10 *Shoemaker, J. Edward Virtue, and D. Boone Wayson*

11                        DISTRICT COURT

12                    CLARK COUNTY, NEVADA

13 | IN RE WYNN RESORTS, LTD. | **Lead Case No. A-18-769630-B** |
   | DERIVATIVE LITIGATION | Consolidated with Case Nos. |
14 | | A-18-769673-B, A-18-770013-B, A-18-770222-B, |
   | | A-18-770578-B, A-18-771162-B, A-19-795981-B |
15 | | |
   | | -AND- |
16 | | |
   | | **Coordinated Cases** |
17 | | A-18-785076-B, A-18-785733-B, A-18-785771-B, |
   | | A-18-785942-B, A-18-785970-B, A-18-786074-B, |
18 | | A-18-786149-B, A-18-786696-B, A-19-787070-B |
19 | AND ALL COORDINATED | Dept. No.:  XVI |
   | CASES | |
20

   **STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE**
21
   This Stipulation and Agreement of Settlement and Release ("Agreement") is entered into effective
22
   as of the date set forth below by and among: (1) Thomas P. DiNapoli, Comptroller of the State of
23
   New York, as Administrative Head of the New York State and Local Retirement System and
24
   Trustee of the New York State Common Retirement Fund, and the New York City Pension Funds[1]
25

26
   _____
27 [1]  The New York City Pension Funds include: New York City Employees' Retirement System,
   New York City Police Pension Fund, Police Officer's Variable Supplements Fund, Police
28 Supervisor Officers Variable Supplements Fund, New York City Fire Pension Fund, Fire Fighters'
   Variable Supplements Fund, Fire Officers' Variable Supplements Fund, Board of Education

                                                                              001

(together, "Plaintiffs"), by and through Court-appointed Lead Counsel and Liaison Counsel for Plaintiffs, and derivatively on behalf of Nominal Defendant Wynn Resorts, Ltd. ("Wynn Resorts" or the "Company"); and (2) Defendants D. Boone Wayson, John J. Hagenbuch, Ray R. Irani, Jay L. Johnson, Robert J. Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V. Shoemaker, and J. Edward Virtue ("Director Defendants"), Stephen A. Wynn, Kimmarie Sinatra, and Matthew Maddox (together with the Director Defendants, the "Defendants" and, together with Plaintiffs and Wynn Resorts, the "Parties" and each a "Party").

## RECITALS

WHEREAS, on February 22, 2018, Plaintiffs Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System and Trustee of the New York State Common Retirement Fund ("NYSCRF"), and New York City Employees' Retirement System, New York City Police Pension Fund, Police Officers' Variable Supplements Fund, Police Supervisor Officers' Variable Supplements Fund, New York City Fire Pension Fund, Fire Fighters' Variable Supplements Fund, Fire Officers' Variable Supplements Fund, Board of Education Retirement System of The City of New York, Teachers' Retirement System of The City of New York, and New York City Teachers' Variable Annuity Program (collectively the "NYC Funds") filed a stockholder derivative action in the District Court of Nevada, Clark County (the "Court") on behalf of Nominal Defendant Wynn Resorts against the Defendants for breaches of fiduciary duty styled *DiNapoli v. Wynn, et al.*, Case No. A-18-770013-B (the "*DiNapoli* Action.")

WHEREAS, seven other derivative complaints were filed in the Court, including, (1) *Operating Engineers, et al. v. Wynn, et al.*, Case No. A-18-769630-B (filed Feb. 15, 2018); (2) *Boynton Beach Mun. Firefighters' Pension Trust Fund, et al. v. Wynn, et al.*, Case No. A-18-769673-B (filed Feb. 15, 2018); (3) *Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. v. Wynn, et al.*, Case No. A-18-770013-B (filed Feb. 22, 2018); (4) *State of Oregon, et al. v. Wynn, et al.*, Case No. A-18-770578-B (filed Mar. 6, 2018); (5) *Insulators and Asbestos Workers Local No. 14*

---

Retirement System of the City of New York, Teachers' Retirement System of the City of New York, and New York City Teachers' Variable Annuity Program.

1   *Pension and Health and Welfare Funds, v. Wynn, et al.*, Case No. A-18-771162-B (filed Mar. 15,

2   2018); (6) *C. Jeffrey Rogers v. Wynn, et al.*, Case No. A-18-773024-B (filed Apr. 18, 2018, the

3   "*Rogers* Action"); and (7) *Dennis Rosen v. Stephen A. Wynn, et al.*, Case No. A-19-795981-B (filed

4   June 3, 2019);

5        WHEREAS, the claims in each of the aforementioned lawsuits arise from a January 26,

6   2018 Press Release referencing a March 28, 2016 pleading by Elaine Wynn, filed in a lawsuit

7   seeking to lift restrictions on the sale of her stock, in which she accused Mr. Wynn of "misconduct"

8   in 2005 that resulted in a "multimillion dollar payment";

9        WHEREAS, on March 23, 2018, Plaintiffs filed their Verified Amended Stockholder

10  Derivative Complaint in the *DiNapoli* Action alleging five causes of action:  (a) breach of fiduciary

11  duty against the Director Defendants; (b) unjust enrichment against all Defendants; (c) breach of

12  fiduciary duty against Stephen A. Wynn, Kimmarie Sinatra, and Matthew Maddox; (d) insider

13  trading against Stephen A. Wynn, John J. Hagenbuch, Patricia Mulroy, Clark T. Randt, Jr., Alvin

14  V. Shoemaker, D. Boone Wayson, Kimmarie Sinatra, and Matthew Maddox; and (e) aiding and

15  abetting Stephen A. Wynn's breach of fiduciary duty against Kimmarie Sinatra, Matthew Maddox,

16  and the Director Defendants (collectively, "Plaintiffs' Allegations");

17       WHEREAS, on May 10, 2018, the Court signed an order consolidating the *DiNapoli* Action

18  with the other aforementioned derivative suits, excluding the *Rogers* Action (the "Action"), and

19  made the March 23, 2018 complaint the operative complaint (the "Amended Complaint");

20       WHEREAS, in the same order, the Court designated Thomas P. DiNapoli, Comptroller of

21  the State of New York, as Administrative Head of the New York State and Local Retirement System

22  and Trustee of the New York State Common Retirement Fund, and the New York City Pension

23  Funds, collectively, as Lead Plaintiffs ("Lead Plaintiffs"), and the law firm of Cohen Milstein

24  Sellers & Toll PLLC as Lead Counsel for the Action and the law firm of Wolf, Rifkin, Shapiro,

25  Schulman & Rabkin, LLP as Liaison Counsel (collectively, "Plaintiffs' Counsel");

26       WHEREAS, in the Amended Complaint, Plaintiffs allege that Wynn Resorts suffered injury

27  as a result of Plaintiffs' Allegations ("Plaintiffs' Claim");

28

1       WHEREAS, on September 5, 2018, the Court denied Defendants' motions to dismiss the

2    Amended Complaint, finding that demand on the Board would be futile ("MTD Order");

3       WHEREAS, on October 15, 2018, the Nevada Supreme Court summarily dismissed

4    Defendants' petition to reverse the Court's MTD Order;

5       WHEREAS, on November 29, 2018, the Court denied a "renewed" motion to dismiss the

6    Amended Complaint by Defendant Sinatra;

7       WHEREAS, on September 19, 2018, the Company's Board of Directors (the "Board")

8    appointed an independent Special Litigation Committee ("SLC") in accordance with *In re Dish*

9    *Network Derivative Litig.*, 401 P.3d 1081 (Nev. 2017) ("*Dish Network*").  In accordance with *Dish*

10   *Network*, the Board vested the SLC with plenary authority to review, investigate, and analyze the

11   allegations and causes of action in the Amended Complaint, as well as making a determination as

12   to whether it is in the Company's best interest to prosecute, resolve, or dismiss some or all of the

13   causes of action in the Amended Complaint.

14      WHEREAS, on November 30, 2018, the SLC filed a Motion to Intervene and Motion to

15   Stay in the Action;

16      WHEREAS, on January 6, 2019, the Court granted the SLC's motion to intervene and

17   granted the SLC's motion to stay in part (the "Stay");

18      WHEREAS, Defendants produced approximately 65,673 pages of documents to Plaintiffs

19   in response to Plaintiffs' documents requests and responded to five sets of interrogatories

20   propounded by Plaintiffs;

21      WHEREAS, Plaintiffs have thoughtfully considered and assessed the merits of each of the

22   claims against each of the parties made in the consolidated Action;

23      WHEREAS, counsel for Plaintiffs and Defendants have engaged in extensive arm's-length

24   negotiations concerning a possible settlement of the Action, including retaining JAMS mediator

25   Jed D. Melnick, Esq., and conducting two full-day mediations complete with briefing from the

26   parties;

27

28

WHEREAS, Plaintiffs believe that a settlement on the terms and on the conditions set forth herein (the "Settlement") is fair, reasonable, and adequate, considering the benefits conferred upon Wynn Resorts by the Settlement, the anticipated significant risks and expenses of continued litigation (including to Wynn Resorts);

WHEREAS, Plaintiffs believe that the corporate governance reforms set forth in Section 1 below and Exhibit A hereto will prevent or deter potential future breaches of fiduciary duty similar to those alleged in the Amended Complaint;

WHEREAS, Defendants, while denying Plaintiffs' Allegations and any wrongdoing, and Nominal Defendant Wynn Resorts, believe that a settlement on the terms and conditions set forth herein is desirable and is in the best interests of Wynn Resorts, considering the anticipated significant expense and the risks of continued litigation;

WHEREAS, entry into the Agreement by Plaintiffs is not an admission to the lack of any merit of Plaintiffs' Allegations or any of the claims asserted in the Action; and

NOW, THEREFORE, in consideration of the foregoing matters and other consideration, the Parties have entered into and agreed to this Agreement this 21st day of November 2019 (the "Settlement Date"), consisting of the following agreed terms and conditions:

**1      MONETARY SETTLEMENT AND CORPORATE GOVERNANCE REFORMS**

1.1      In consideration of the dismissal of this Action with prejudice, the releases between the Parties, and other terms contained in this Agreement, the Parties have agreed to (i) a $41 million cash payment to Wynn Resorts, $21 million of which will be paid by certain insurance carriers (the "Insurers") and $20 million of which will be paid by Stephen A. Wynn (the "Monetary Settlement"); and (ii) undertake certain corporate governance reforms, in addition to governance reforms that were implemented after the filing of this action, which are identified in Exhibit A hereto (the "Corporate Governance Reforms").

1       1.2      In consideration of the full settlement, satisfaction, compromise, and release of the

2  Released Claims (as defined in Section 2.2 below), the Insurers shall pay Wynn Resorts $21 million

3  within thirty (30) calendar days of the Effective Date (as defined in Section 9 below).

4       1.3      In consideration of the full settlement, satisfaction, compromise, and release of the

5  Released Claims, Stephen A. Wynn shall pay $20 million to Wynn Resorts within thirty (30)

6  calendar days of the Effective Date (as defined in Section 9 below).

7       1.4      Defendants, while denying Plaintiffs' Allegations and without admitting

8  wrongdoing, acknowledge that the filing of Plaintiffs' original complaint in the Action, which

9  occurred on February 22, 2018, was a factor considered by Wynn Resorts in deciding to undertake

10  extensive remedial measures, including implementation of the Corporate Governance Reforms and

11  that the Corporate Governance Reforms confer a substantial benefit on the Company.

12       1.5      The Parties agree that the Monetary Settlement and the Corporate Governance

13  Reforms undertaken as part of the Settlement and as a result of Plaintiffs' Claims set forth in

14  Exhibit A have a combined value to Wynn Resorts of approximately $90 million.

15  **2      RELEASES**

16       2.1      In consideration of the releases, promises, and covenants herein and other good and

17  valuable consideration, the sufficiency and receipt of which the Parties hereby acknowledge, the

18  Parties agree as follows:

19       2.2      <u>Plaintiffs' Releases.</u>  Upon the Effective Date, Plaintiffs and each and every other

20  Wynn Resorts shareholder, for themselves and derivatively on behalf of Wynn Resorts, and for

21  their heirs, successors, representatives, assigns, and beneficiaries, and for any person or entity that

22  could assert any of the Defendants' Released Claims (defined herein) on their behalf (collectively

23  "Plaintiff Releasing Parties"), release and forever discharge each of the Defendants and Wynn

24  Resorts, including all of its affiliate and subsidiary entities, and all of their past and present officers,

25

26

27

28

1    directors (with the exception of Elaine Wynn, who is expressly not a Defendant Released Party

2    under this Agreement and to whom the releases in both this Section 2 and this Agreement do not

3    extend), stockholders, members, partners, managers, employees, insurers, reinsurers, and their

4    heirs, successors, predecessors, and assigns (collectively, "Defendant Released Parties") from, and

5    hereby covenant not to sue Defendant Released Parties for, any claims or causes of action

6    (including Unknown Claims), including, but not limited to, any claims for damages, injunctive

7    relief, interest, attorneys' fees, expert, or consulting fees, and any and all other costs, expenses, or

8    liabilities whatsoever, that were or could have been asserted by Plaintiffs derivatively on behalf of

9    Wynn Resorts, or Wynn Resorts' Stockholders, or any of them, against the Defendant Released

10   Parties based upon or arising out of the facts, transactions, events, occurrences, disclosures,

11   statements, acts, omissions, failures to act, alleged mismanagement, misconduct, concealment,

12   misrepresentations, violation of law, sale of stock, or other matters that were or could have been

13   alleged in or encompassed by the Action (including, but not limited to, any and all claims that are

14   based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) any actions,

15   deliberations, decisions, or negotiations or failure to act, deliberate, decide, or negotiate in

16   connection with Plaintiffs' Claim or Plaintiffs' Allegations, including, but not limited to, the

17   process of deliberation by the Company and any of its officers, directors or advisors; or (ii) the

18   fiduciary obligations or any other duties of the Defendant Released Parties in connection with any

19   claims related to Plaintiffs' Claim or Plaintiffs' Allegations) (collectively "Defendants' Released

20   Claims") provided, however, that Defendants' Released Claims shall not include the right of

21   Plaintiff Releasing Parties to enforce the terms of the Agreement or the Settlement, including

22   Plaintiffs' Counsel's application for an award of fees and expenses, as contemplated herein.[2]  For

23

24

25

26

27

28   [2]  The term "Released Claims" as used herein shall collectively refer to Defendants' Released Claims, Wynn Resorts' Released Claims, and Plaintiffs' Released Claims.

purposes of clarity, and without narrowing the scope of the releases provided herein, "Defendants' Released Claims"  does not release claims in the pending *Ferris, et al. v. Wynn Resorts Ltd., et al.*, No. 2:18-cv-00479-GMN-CWH (D. Nev.) (the "Federal Securities Class Action") or case numbers A-18-785076-B, A-18-785733-B, A-18-785771-B, A-18-785942-B, A-18-785970-B, A-18-786074-B, A-18-786149-B, A-18-786696-B, A-18-787070-B coordinated with the *DiNapoli* action (the "Coordinated Cases").

> 2.3     Wynn Resorts' Releases.  Upon the Effective Date, Wynn Resorts, on behalf of itself and its stockholders and its successors and assigns (collectively "Wynn Resorts Releasing Parties"), releases and forever discharges each of the Defendant Released Parties from, and hereby covenants not to sue Defendant Released Parties for, any claims or causes of action (including Unknown Claims), including, but not limited to, any claims for damages, injunctive relief, interest, attorneys' fees, expert, or consulting fees, and any and all other costs, expenses, or liabilities whatsoever, that were or could have been asserted by Plaintiffs derivatively on behalf of Wynn Resorts, or Wynn Resorts' Stockholders, or any of them, against the Defendant Released Parties based upon or arising out of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions, failures to act, alleged mismanagement, misconduct, concealment, misrepresentations, violation of law, sale of stock, or other matters that were or could have been alleged in or encompassed by the Action (including, but not limited to, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) any actions, deliberations, decisions, or negotiations or failure to act, deliberate, decide, or negotiate in connection with Plaintiffs' Claim or Plaintiffs' Allegations, including, but not limited to, the process of deliberation by the Company and any of its officers, directors or advisors; or (ii) the fiduciary obligations or any other duties of the Defendant Released Parties in connection with any claims related to Plaintiffs' Claim or Plaintiffs' Allegations) (collectively "Wynn Resorts' Released Claims") provided, however, that Wynn

1   Resorts' Released Claims shall not include the right of Wynn Resorts and Lead Plaintiffs to enforce

2   the terms of the Agreement or the Settlement.

3       2.4   <u>Releases by the Defendant Released Parties.</u>   Upon the Effective Date, each of the

4   Defendant Released Parties and Wynn Resorts shall be deemed to have, and by operation of the

5   Final Order and Judgment (the "Judgment," attached hereto as Exhibit E) shall have, fully, finally,

6   and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims,

7   arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement,

8   or resolution of the Amended Complaint, Plaintiffs' Claim, and Plaintiffs' Allegations

9   (collectively, "Plaintiffs' Released Claims") provided, however, that Plaintiffs' Released Claims

10  shall not include the right of the Defendants to enforce the terms of the Agreement or the

11  Settlement.[3]

12      2.5   <u>Releases.</u>   Except as specified in Paragraph 7.1, the Parties, and each of them, further

13  covenant and agree that they will not take any action, nor assert any claim, complaint, debt, damage,

14  lien, cause of action, warranty, suit, liability, obligation, or demand, whether in law or in equity,

15  contract or tort, judicially or administratively, against any other Party, or any of their stockholders,

16  owners, members, managers, directors, officers, agents, partners, employees, successors, assigns,

17  parents, subsidiaries, affiliates, or representatives, arising from, or in any way relating to, any act

18  or omission that occurred before the final approval of this Agreement by the Court and that relates

19  to, arises out of, or concerns Plaintiffs' Claim or Plaintiffs' Allegations.  For the avoidance of doubt,

20  nothing in this Section 2 shall be construed as a release of any claims of any kind against Elaine

21  Wynn by any Party to this Agreement.

22

23

24

25

26

27

28  [3]  The term "Releasing Person" as used herein shall collectively refer to Defendants' Released
    Parties, Wynn Resorts' Releasing Parties, and Plaintiff Releasing Parties.

**3.     PROCEDURE FOR APPROVAL**

As soon as practicable after execution of this Agreement, the Parties shall submit this Agreement together with its exhibits to the Court and shall jointly apply for the entry of an order substantially in the form attached hereto as Exhibit B (the "Scheduling Order").

3.1.    The Scheduling Order shall schedule a settlement hearing (the "Settlement Hearing") at which the Court will (i) determine whether the Action may proceed as a stockholder derivative action pursuant to NRCP Rule 23.1 ("Rule 23.1"), solely for purposes of the Settlement and without prejudice to the Company's right to raise defenses under Rule 23.1 or any other defenses in the Action in the event that the Court fails to grant final approval of the Settlement; (ii) determine whether the Settlement, on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and in the best interests of the Company and its stockholders; (iii) determine whether the Court should finally approve the Settlement and enter a Judgment, substantially in the form attached hereto as Exhibit E, dismissing the Action with prejudice and extinguishing and releasing the claims as set forth herein; (iv) hear and determine any objections to the Settlement; (v) rule on Plaintiffs' application for an award of attorneys' fees and expenses; and (vi) rule on such other matters as the Court may deem appropriate.

3.2.    The Scheduling Order shall direct that the Notice (defined herein), with a summary of the content set forth in Exhibit C, but formatted to be postcard-sized and referring to the Wynn Resorts website, be mailed by the Company by first-class mail to all stockholders of record as of the close of business on the date of the Scheduling Order at the addresses provided on the books of the Company and posted on the Company's corporate website no later than forty-five (45) days prior to the Settlement Hearing.  If requested by any stockholder of record who holds shares on behalf of one or more beneficial holders, the Company promptly shall provide the stockholder of record with sufficient copies of the Notice for the stockholder of record to send to

the beneficial holders on whose behalf the stockholder of record holds shares.  All costs incurred in identifying and notifying Company stockholders of the Settlement shall be paid by the Company, and in no event shall Plaintiffs or Plaintiffs' Counsel be responsible for any notice costs or expenses. Prior to the Settlement Hearing, Wynn Resorts shall file with the Court an appropriate declaration with respect to the preparation and dissemination of the Notice.

3.3.    The Scheduling Order shall approve the form and content of the Notice and find that the giving of notice in the manner set forth in Section 10.1 meets the requirements of Rule 23.1 and due process, and is the best notice practicable under the circumstances.

**4.     JUDGMENT**

At the Settlement Hearing, the Parties shall jointly request that the Judgment be entered substantially in the form attached hereto as Exhibit E.

4.1.    The Judgment shall find that each of the requirements of Rule 23.1 has been satisfied and that the Action has been properly maintained according to the provisions of Rule 23.1.

4.2.    The Judgment shall approve the Settlement, adjudging the Agreement to be fair, reasonable, adequate, and in the best interests of the Company and its stockholders, and directing the consummation of the Settlement in accordance with the terms and conditions of this Agreement.

4.3.    The Judgment shall order dismissal of the Action on the merits with prejudice (subject only to compliance by the Parties with the terms of this Agreement and any Order of the Court concerning this Agreement) and shall fully, completely, and forever discharge, settle, release, and extinguish the Released Claims and bar and permanently enjoin the Releasing Persons (and any Person acting or purporting to act on any such Releasing Person's behalf) from asserting, commencing, prosecuting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity.

011

4.4.     The Judgment shall fully, completely, and forever discharge, settle, release, and extinguish Plaintiffs and Plaintiffs' Counsel from all claims, including Unknown Claims, arising out of or relating to the institution, prosecution, settlement, or resolution of the Action (provided, however, that the release, relinquishment, and discharge shall not include claims by the Parties hereto to enforce the terms of the Settlement or Agreement).

**5.       TERMINATION RIGHTS AND EFFECT OF TERMINATION**

Prior to the Effective Date, any Party may terminate and withdraw from this Agreement by providing written notice of their election to do so to the undersigned counsel for all other Parties within thirty (30) days after (a) the Court declines to approve this Agreement in any material respect; (b) the Court declines to enter the Scheduling Order in any material respect; (c) the Court declines to enter the Judgment granting final approval to this Agreement in any material respect; (d) the Judgment is modified or reversed in any material respect; or (e) the Action is dismissed without prejudice.  Neither a modification nor a reversal on appeal of the amount of fees, costs, or expenses awarded by the Court to Plaintiffs' Counsel shall be deemed a material modification or reversal of the Judgment or this Agreement.  If the Effective Date does not occur, or if this Agreement is disapproved, canceled, or terminated in accordance with this Section 5, the Parties shall be restored to their respective litigation positions as of the date on which the Agreement was executed, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Agreement had not been executed and any related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in any way.

**6.       DENIAL OF WRONGDOING OR LIABILITY**

6.1.     This Agreement, whether or not approved by the Court, and any proceedings taken pursuant to this Agreement, and any materials created by or received from another Party that were

012

used in, obtained during, or related to settlement discussions, including, but not limited to, all negotiations, documents, and statements in connection therewith, shall not be offered or received against any of the Parties as evidence of or construed as or deemed to be evidence of (a) any liability, negligence, fault, or wrongdoing of any of the Parties; (b) a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; (c) a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged in this Action or the validity of any of the claims or the deficiency of any defense that was or could have been asserted in this Action or of any infirmity in the claims asserted; or (d) an admission or concession that the consideration to be given hereunder represents the consideration that could be or would have been recovered at trial.

6.2.    Nothing herein, however, shall prevent any of the Parties from using this Agreement, or any document or instrument delivered hereunder, (a) to effect or obtain Court approval of this Settlement; (b) to enforce the terms of the Agreement; (c) for the purpose of defending, on the grounds of *res judicata*, collateral estoppel, release, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, any of the Released Claims; or (d) as otherwise required by law.

6.3.    Defendants have denied, and continue to deny, each and all of the claims and contentions alleged in the Action.  Defendants have denied, and continue to deny, any and all allegations of wrongdoing, fault, liability, or damage and deny that they or any of the Company's other officers or directors engaged in, committed, or aided or abetted the commission of any wrongdoing or violation of law or breach of duty, deny that the Company or any of its stockholders suffered any damage whatsoever, deny that they acted improperly in any way, believe that they

acted properly at all times, and maintain that they diligently and scrupulously complied with their fiduciary and other legal duties. Nonetheless, Defendants wish to settle all disputes on the terms and conditions stated in this Agreement solely to eliminate the uncertainties, burden, and expense of further protracted litigation, and to put the claims to be released hereby to rest finally and forever.

6.4. Plaintiffs' entry into the Settlement is not an admission as to the lack of merit of any of the claims asserted in the Action. Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Action have merit. Plaintiffs and Plaintiffs' Counsel, however, recognize and acknowledge the expense and length of proceedings necessary to prosecute the Action against the Defendants through trial and, potentially, through appeals. Plaintiffs and Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Plaintiffs' Counsel also are mindful of the inherent problems of proof under and possible defenses to the claims asserted in the Action.

## 7. NO WAIVER OF ADVANCEMENT OR INDEMNIFICATION RIGHTS

7.1. Nothing in this Agreement, whether or not approved by the Court, or any proceedings taken pursuant to this Agreement, or any materials created by or received from another Party that were used in, obtained during, or related to settlement discussions, including, but not limited to, all negotiations, documents, and statements in connection therewith, shall release any party from honoring its existing obligations to indemnify, or advance expenses to, any Person who is or was a director, officer, or employee of the Company prior to the Effective Date (with the exception of Elaine Wynn, to whom the covenants, releases and waivers set forth in this Section 7 do not extend) to the extent that such Person was entitled to such indemnification or advancement of expenses pursuant to then-existing indemnification or advancement obligations.

014

**8.     RELEASE OF UNKNOWN CLAIMS**

Other than set forth in Sections 7 and 7.1 above, the releases contemplated by this Agreement extend to claims that any of the Releasing Persons do not know or suspect exist in his, her, or its favor at the time of the release of the Released Claims, which, if known, might have affected the decision to enter into this Settlement (the "Unknown Claims").  In granting the releases herein, the Parties acknowledge that they have read and understand California Civil Code Section 1542, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties stipulate and agree that upon the Effective Date, Plaintiffs and each of the other Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released all provisions, rights, and benefits conferred by or under California Civil Code Section 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542.  The Parties acknowledge that the foregoing waiver, relinquishment, and release and the inclusion of "Unknown Claims" in the definition of "Released Claims" were separately bargained for, are key elements of this Settlement, and were relied upon by each and all of the Defendants in entering into this Agreement.   Plaintiffs acknowledge, and each of the other Releasing Persons by operation of law shall be deemed to have acknowledged, that they may discover facts different from, or in addition to, those which they now know or believe to be true with respect to the Released Claims, and in this event agree, or by operation of law shall be deemed to have agreed, that the releases contained in this Agreement shall

- 15 -

be and remain effective in all respects and that it is the intention of the Releasing Persons to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  The release of Unknown Claims also applies to Plaintiffs' Released Claims as defined in Paragraph 2.4 herein.

**9.      CONDITIONS AND EFFECTIVE DATE**

9.1.    The Effective Date of this Agreement shall be deemed to occur when each and every one of the following conditions shall have occurred:

(a)      The Court has approved in all material respects the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing ("Notice") attached as Exhibit C to this Agreement; the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing ("Summary Notice") attached as Exhibit D to this Agreement; the manner of providing of the Notice by Wynn Resorts to its stockholders of record; and the manner of publication by Wynn Resorts of the Summary Notice as described in Paragraph 10.1 below;

(b)      The Court has granted final approval of the Agreement and entered a Final Order and Judgment, in all material respects identical to that attached as Exhibit E hereto; and

(c)      The times to appeal from the Final Order and Judgment have elapsed with no appeal being filed, or, alternatively, if any appeal(s) are taken the underlying orders are affirmed in their entirety in all material respects and are no longer subject to any further appeals or requests for rehearing.

9.2.    The Parties agree, and agree to cause their respective counsel, to (i) use their best efforts to effectuate the terms and conditions of the Agreement in as expeditious a manner as possible; (ii) cooperate in preparing any and all necessary papers to pursue and effectuate the terms

1 and conditions of the Agreement; and (iii) cooperate with one another in seeking the necessary

2 approvals and orders to effectuate the conditions described in Section 3.

3        9.3.    Should any of the foregoing conditions fail to occur, including if the Court should

4 decline to grant a requested approval, or if any of the conditions set forth in Section 3 above have

5 failed to occur by the date of the final Settlement Hearing, this Agreement shall terminate, and,

6 with the exception of this Section 9, be null and void and of no force and effect for all purposes,

7 and all negotiations, transactions, and proceedings connected with the Agreement shall be without

8 prejudice to the rights of any party in the Action, who shall be restored to their respective positions

9 immediately prior to the execution of the Agreement.

10 **10.    NOTICE**

11        10.1.   Notice of the terms set forth in this Agreement shall be provided to current record

12 holders and beneficial owners of common stock of Wynn Resorts pursuant to Order of the Court as

13 follows:

14        (a)    Wynn Resorts shall be responsible for mailing the Notice (Exhibit C) to the

15 current record holders and beneficial owners of common stock of Wynn Resorts by first-class U.S.

16 Mail as of the date ordered by the Court as well as to provide any additional copies of the Notice

17 as requested by any such holder;

18        (b)    Wynn Resorts shall cause the newswire service PR Newswire to issue the

19 Summary Notice once to the public in the United States; and

20        (c)    Until after the Court approves the Final Order and Judgment (Exhibit E),

21 Wynn Resorts' website (www.wynnresorts.com) will provide access to the content of the Notice

22 (Exhibit C).  The homepage of the Wynn Resorts website will contain a statement or heading

23 identifying the Settlement, along with a hyperlink that brings users directly to a web page

24 containing the content of the Notice.

25

26

27

28

017

10.2.    Wynn Resorts shall bear the cost of mailing the Summary Notice as described in Paragraph 9.1(a) above.  Wynn Resorts shall also bear the cost of the Notice set forth in Paragraphs 9.1(b) and (c) above.  None of the other Defendants shall be responsible for any costs associated with the notice of this Agreement.

**11.      ATTORNEYS' FEES AND EXPENSES**

11.1.    Defendants agree that, as a result of the Corporate Governance Reforms adopted by the Company as part of this settlement, Wynn Resorts and its public stockholders received material and substantial benefits.  In light of benefits produced for Wynn Resorts by Plaintiffs and their Counsel in connection with this Agreement and the litigation leading up to it, Plaintiffs and Plaintiffs' Counsel intend to seek an aggregate award from the Court of no more than 12% of the combined monetary and corporate governance benefit to the Company as compensation for attorneys' fees and expenses, subject to Court approval.  The aggregate award will include expenses not to exceed $300,000.00, subject to Court approval ("Fee and Expense Award").  Plaintiffs and Plaintiffs' Counsel agree not to request that any greater aggregate amount be awarded to Plaintiffs' Counsel by the Court, not to seek payment of attorneys' fees and expenses from any person or entity other than Wynn Resorts, and that no other or greater payments or awards shall be requested from the Court.  The Parties agree that any Court order requiring payments or providing awards of fees and expenses that is not consistent with the agreed limitations provided within the first two sentences of this Section 11.1 shall be deemed an unagreed material alteration of the terms of this Agreement and a failure to grant the approvals required by Section 3 hereof.  Wynn Resorts and Defendants agree to support the requested fee award of no more than 12% of the combined monetary and corporate governance benefit to the Company, so long as it does not exceed $10.8 million.

11.2.   Within thirty (30) calendar days of entry of the Judgment, Wynn Resorts shall pay such fees and expenses as may be awarded by the Court to be deposited into the account designated by Cohen Milstein Sellers & Toll LLC.  In the event that any such order is reversed or modified on appeal, Plaintiffs' Counsel are jointly and severally obliged to refund to Wynn Resorts the amount by which the fees and expenses were reduced and all interest accrued or accumulated thereon.

11.3.   Failure of the Court to approve a request for attorneys' fees and expenses in whole or in part shall have no effect whatsoever on the Settlement set forth in this Agreement.  Final resolution of any such request for attorneys' fees and expenses shall not be a condition to the dismissal of the Action.

**12.     ANNUAL MEETING**

12.1.   No Proposals at Annual Meeting.  In further consideration of the releases, promises, and covenants herein and other good and valuable consideration, the sufficiency and receipt of which the Parties hereby acknowledge, the Plaintiffs agree that they will not make any shareholder proposals at the next annual meeting of the Company following the Effective Date.

**13.     MISCELLANEOUS**

13.1.   Intent to Settle.  The Parties and their respective counsel of record (a) acknowledge that it is their intent to consummate this Agreement, and (b) agree to act in good faith and cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of, and to obtain all necessary approvals of the Court required by, the Agreement (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement).

13.2.   Warranty of Stock Ownership.  Plaintiffs and their co-lead counsel represent and warrant that Plaintiffs are stockholders of Wynn Resorts and were stockholders of Wynn Resorts at all relevant times for the purposes of maintaining standing in the Action.

13.3.   <u>Notice.</u>   All  notices,  requests,  demands,  claims,  and  other  communications hereunder shall be in writing by personal delivery or reputable overnight courier as set forth below:

<u>If to Plaintiffs, to:</u>
Julie Goldsmith Reiser
COHEN MILSTEIN SELLERS &
TOLL LLC
1100 New York Avenue NW, Suite 500
Washington, D.C. 20005

<u>If to the Director Defendants, to</u>:
Matthew Solum, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

and

Patrick G. Byrne (Nevada Bar #7636)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

<u>If to Wynn Resorts, to</u>:
Brenoch R. Wirthlin
FENNEMORE CRAIG P.C.
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101

With a copy to:

Ellen Whittemore
General Counsel
WYNN RESORTS, LTD.
3131 Las Vegas Boulevard South
Las Vegas, Nevada 89109

<u>If to Kimmarie Sinatra, to</u>:
James N. Kramer
ORRICK, HERRINGTON &
SUTTCLIFFE LLP
405 Howard Street
San Francisco, California 94105

<u>If to Stephen A. Wynn, to</u>:
Colleen C. Smith
LATHAM & WATKINS, LLP
12670 High Bluff Drive
San Diego, California 92130

Any Party hereto may change its address set forth above by giving notice to the other Parties in the manner set forth above.

13.4.   <u>Severability.</u>   The failure by any particular Defendant or Wynn Resorts to comply with any term of this Agreement or the Court Order approving this Agreement shall not give rise to a claim against any other Defendants or Parties who have complied.   Nor shall the failure by any Defendant or Wynn Resorts to comply with any term of this Agreement or the Court Order approving this Agreement affect the releases of other Defendants or Parties who have complied.

13.5.   <u>Sophisticated Parties; No Construction Against Drafter.</u>   Each Party hereto received independent legal advice from attorneys of his, her, or its choosing with respect to the advisability of entering this Agreement, the releases provided for in this Agreement, and with respect to the terms and conditions of this Agreement.   This Agreement has been negotiated by the Parties and counsel.   It is not to be construed against any party as the drafting party.   In the event that the Court or any other court is called upon to interpret this Agreement, no one party or group of parties shall be deemed to have drafted the Agreement.

13.6.   <u>Entire Agreement.</u>   This Agreement in the form as finally approved by the Court embodies the entire agreement of the Parties.   There are no further or other promises, agreements, understandings, terms, conditions, or obligations other than those contained herein.   This Agreement supersedes all previous communications, representations, or agreements, either verbal or written, between the Parties or their attorneys.

13.7.   <u>No Rights of Subrogation.</u>   Plaintiffs represent and warrant that no person, entity, firm, corporation, or insurance company has received any rights of subrogation, or substitution to the claims made, or which could have been asserted by Plaintiffs in the Action, and that there are no liens, voluntary, involuntary, statutory, or otherwise, relating to Plaintiffs' Claim in the Action, or this Agreement.   Defendants and Wynn Resorts represent and warrant that no person, entity,

021

firm, corporation, or insurance company has received any rights of subrogation, or substitution to the claims, if any, which could have been asserted by Defendants and/or Wynn Resorts in the Action, and that there are no liens, voluntary, involuntary, statutory, or otherwise relating to such claims or this Agreement.

13.8.   No Transfer or Assignment of Claims.  Plaintiffs represent and warrant that they have not assigned, transferred, or conveyed, nor purported to assign, transfer, or convey, to any person, entity, firm, corporation, or insurance company, any rights, claims, or causes of action (or any portion thereof) they may have, or have had, against any or all of the Defendants, with respect to Plaintiffs' Claim in the Action or any matters described in the Action.  The Defendants and Wynn Resorts represent and warrant they have not assigned, transferred, or conveyed, nor purported to assign, transfer, or convey, to any person, entity, firm, corporation, or insurance company, any rights, claims, or causes of action (or any portion thereof) they may have, or have had, against the Plaintiffs, with respect to the claims, if any, which could have been asserted by Defendants and/or Wynn Resorts in the Action.

13.9.   Further Cooperation.  The Parties agree to cooperate fully and execute any and all supplementary documents that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

13.10.  Authority to Execute; Counterparts.  The individuals executing this Agreement on behalf of the Parties represent and warrant that they have the authority to act on behalf of their principal and execute this document on their principal's behalf.  This Agreement may be executed in counterparts, each of which shall be deemed an original, and, when taken together with the other signed counterparts, shall constitute one and the same instrument.  Facsimile or .pdf signatures shall constitute valid evidence of execution.  This Agreement shall be deemed to be executed as of the

022

date that all counsel for the Parties have executed a counterpart, even though no single counterpart is executed by all counsel for the Parties.

13.11. <u>Limited Right to Appeal.</u>  The Parties covenant and agree not to appeal the Final Order and Judgment.  Nothing in this paragraph should be construed to grant or confer any right of appeal to any party or nonparty to this Action, other than as already exists and as provided by applicable law, if any.

13.12. <u>Stay of Proceedings.</u>  Pending Court approval of the Agreement, the Parties agree to stay any and all proceedings in the Action other than those incident to the Agreement itself.  The Parties shall agree to extensions of time with respect to pleadings and other Court deadlines and filings as are appropriate in the context of this Agreement.  Without further order of the Court, the Parties may agree to reasonable extensions of time not expressly set by the Court in order to carry out any of the provisions of this Agreement.

13.13. <u>Third-Party Beneficiaries.</u>  No third parties are intended beneficiaries of this Agreement and the promises contained therein, with the exception of those non-Parties who are among the Released Parties to whom the Releases contained in Section 2 extend.

13.14. <u>Exhibits.</u>  The Exhibits to this Agreement are a material and integral part hereof and are fully incorporated herein by this reference.

13.15. <u>Amendments; Waiver.</u>  This Agreement may be amended or any of its provisions waived only by a written instrument executed by all Parties or by attorneys authorized to act on their behalf.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions hereof, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Agreement to be performed by such other Party.  Waiver by any Party of any breach of this Agreement by any other Party shall not be

deemed a waiver of any other prior or subsequent breach of this Agreement, and failure by any Party to assert any claim for breach of this Agreement shall not be deemed to be a waiver as to that or any other breach and will not preclude any Party from seeking to remedy a breach and enforce the terms of this Agreement.

13.16.  <u>Governing Law.</u>  This Agreement shall be governed by the laws of Nevada, without regard to conflict of laws principles.

13.17.  <u>Headings.</u>   The section headings used throughout this Agreement are for convenience only and shall not affect the construction or interpretation of the Agreement.

13.18.  <u>Disparaging Remarks.</u>  Other than as required by law, none of the Parties, nor any of the Parties' respective attorneys or representatives, shall issue any press release or make any other public statement describing this Agreement which disparages any Party or accuses any Party of any wrongdoing.  Recitation of the allegations in the Amended Complaint does not qualify as "disparagement" or an accusation of wrongdoing under this provision, so long as they are referred to as allegations.

13.19.  <u>Jurisdiction.</u>  The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Agreement.

024

Date:  November 21, 2019

Date:  November 21, 2019

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

**SNELL & WILMER** L.L.P.

By: _____
Don Springmeyer, Esq.
Bradley S. Schrager, Esq.
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*-AND-*

By: _____
Patrick G. Byrne
Alex L. Fugazzi
V.R. Bohman
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*-AND-*

**COHEN MILSTEIN SELLERS & TOLL LLC**
Julie Goldsmith Reiser
Eric S. Berelovich
1100 New York Avenue NW, Suite 500
Washington, D.C. 20005
*-AND-*

**KIRKLAND & ELLIS LLP**
Mark Holscher
Michael J. Shipley
333 South Hope Street
Los Angeles, California 90071
*-AND-*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Laura H. Posner
Alice Buttrick
88 Pine Street, 14th Floor
New York, New York 10005

**KIRKLAND & ELLIS LLP**
Matthew Solum
601 Lexington Avenue
New York, New York 10022

*Counsel for Lead Plaintiff Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System and Trustee of the New York State Common Retirement Fund; and, for the New York City Pension Funds*

*Counsel for Defendants Matt Maddox, D. Boone Wayson, John J. Hagenbuch, Ray R. Irani, Jay L. Johnson, Robert J. Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V. Shoemaker, J., and Edward Virtue*

025

Date:  November 21, 2019

Date:  November 21, 2019

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

**SNELL & WILMER** L.L.P.

By: _____
Don Springmeyer, Esq.
Bradley S. Schrager, Esq.
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
-AND-

By: _____
Patrick G. Byrne
Alex L. Fugazzi
V.R. Bohman
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
-AND-

**COHEN MILSTEIN SELLERS & TOLL LLC**
Julie Goldsmith Reiser
Eric S. Berelovich
1100 New York Avenue NW, Suite 500
Washington, D.C. 20005
-AND-

**KIRKLAND & ELLIS LLP**
Mark Holscher
Michael J. Shipley
333 South Hope Street
Los Angeles, California 90071
-AND-

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Laura H. Posner
Alice Buttrick
88 Pine Street, 14th Floor
New York, New York 10005

**KIRKLAND & ELLIS LLP**
Matthew Solum
601 Lexington Avenue
New York, New York 10022

*Counsel for Lead Plaintiff Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System and Trustee of the New York State Common Retirement Fund; and, for the New York City Pension Funds*

*Counsel for Defendants Matt Maddox, D. Boone Wayson, John J. Hagenbuch, Ray R. Irani, Jay L. Johnson, Robert J. Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V. Shoemaker, J., and Edward Virtue*

1   Date:  November 21, 2019                     Date:  November 21, 2019

2   **GARMAN TURNER GORDON LLP**                 **FENNEMORE CRAIG P.C.**

3   By:                                          By: _____
    Erika Pike Turner                            Brenoch R. Wirthlin
4   Dylan T. Ciciliano                           300 South Fourth Street, Suite 1400
    650 White Drive, Suite 100                   Las Vegas, Nevada 89101
5   Las Vegas, Nevada 89119
                *-AND-*
6   **ORRICK, HERRINGTON &**
    **SUTCLIFFE LLP**                            *Counsel for Wynn Resorts*
7   James N. Kramer
    M. Todd Scott                                Date:  November 21, 2019
8   405 Howard Street
    San Francisco, California 94105              **DICKINSON WRIGHT PLLC**
9                 *-AND-*
    **ORRICK, HERRINGTON &**
10  **SUTCLIFFE LLP**
    Christine Hanley                             By: _____
11  701 5th Avenue, Suite 5600                   Michael N. Feder
    Seattle, Washington 98107                    8363 West Sunset Road
12                                               Suite 200
                                                 Las Vegas, Nevada 89113
13

14  *Counsel for Kimmarie Sinatra*              *Counsel for The Special Litigation Committee*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Date:  November 21, 2019

Date:  November 21, 2019

2

**GARMAN TURNER GORDON LLP**

**FENNEMORE CRAIG P.C.**

3

By: _____

By: _____

4

Erika Pike Turner
Dylan T. Ciciliano

Brenoch R. Wirthlin
300 South Fourth Street, Suite 1400

5

650 White Drive, Suite 100
Las Vegas, Nevada 89119

Las Vegas, Nevada 89101

6

*-AND-*
**ORRICK, HERRINGTON &**

7

**SUTCLIFFE LLP**

*Counsel for Wynn Resorts*

8

James N. Kramer
M. Todd Scott

Date:  November 21, 2019

9

405 Howard Street
San Francisco, California 94105

**DICKINSON WRIGHT PLLC**

10

*-AND-*
**ORRICK, HERRINGTON &**

11

**SUTCLIFFE LLP**

By: _____

12

Christine Hanley
701 5th Avenue, Suite 5600

Michael N. Feder
8363 West Sunset Road
Suite 200

13

Seattle, Washington 98107

Las Vegas, Nevada 89113

14

*Counsel for Kimmarie Sinatra*

*Counsel for The Special Litigation Committee*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:  November 21, 2019

**GARMAN TURNER GORDON LLP**

By: _____
Erika Pike Turner
Dylan T. Ciciliano
650 White Drive, Suite 100
Las Vegas, Nevada 89119
       *-AND-*
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
James N. Kramer
M. Todd Scott
405 Howard Street
San Francisco, California 94105
       *-AND-*
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
Christine Hanley
701 5th Avenue, Suite 5600
Seattle, Washington 98107

*Counsel for Kimmarie Sinatra*

Date:  November 26, 2019

**FENNEMORE CRAIG P.C.**

By: _____
Brenoch R. Wirthlin
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101

*Counsel for Wynn Resorts*

Date:  November 21, 2019

**DICKINSON WRIGHT PLLC**

By: _____
Michael N. Feder
8363 West Sunset Road
Suite 200
Las Vegas, Nevada 89113

*Counsel for The Special Litigation Committee*

029

Date:  November 21, 2019

**CAMPBELL & WILLIAMS**

By: _____
J. Colby Williams
700 S. Seventh Street
Las Vegas, Nevada 89101

                    -AND-

**LATHAM & WATKINS LLP**
Michele D. Johnson
650 Town Center Drive
20th Floor, Costa Mesa, California 92626

                    -AND-

**LATHAM & WATKINS LLP**
Colleen C. Smith
12670 High Bluff Drive
San Diego, California 92130

*Counsel for Defendant Stephen A. Wynn*

030

**EXHIBIT A**
**WYNN RESORTS, LTD. CORPORATE REFORMS**

In connection with a settlement of the derivative lawsuits facing Wynn Resorts, Ltd. ("Wynn Resorts" or the "Company") and its directors and officers, titled *DiNapoli v. Wynn, et al.*, Case No. A-18-770013-B (the "Derivative Lawsuit"), Wynn Resorts, Ltd. implemented the following corporate reforms:

**NEW CORPORATE REFORMS**

1. **Majority Vote Requirement:** The Board of Directors shall submit and recommend a proposed bylaw change to Wynn shareholders for approval at the first annual general meeting after the Effective Date that requires a majority vote for all director elections and re-elections, except in the case of a proxy context. Upon approval, the Board of Directors will implement said change.

2. **10b5-1 Plan:** The Board of Directors shall adopt (i) a requirement that Directors wishing to sell Company stock must do so pursuant to a 10b5-1 plan and (ii) a requirement that executives wishing to sell Company stock who have stock in the Company worth more than $15 million must do so pursuant to a 10b5-1 plan.

3. **Succession Plan:** The Nominating & Governance Committee will enhance its succession planning and provide a succession plan for executive officers and directors to the Board of Directors.

4. **Separation of Chairman and CEO:** The Board of Directors shall submit and recommend a proposed bylaw change to Wynn shareholders for approval at the first annual general meeting after the Effective Date that mandates the separation of Chairman and CEO, and requires that the Chairman be independent. Upon approval, the Board of Directors will implement said change.

5. **Commitment to Diversity:** The Nominating & Governance Committee will publicly announce the intention of the Company to achieve 50% diversity of the Board of Directors.

**MEASURES UNDERTAKEN**

The filing of Plaintiffs' original complaint in the Action, which occurred on February 22, 2018, was a factor considered by Wynn Resorts in deciding to undertake the following extensive remedial measures:

1. **Revised and Updated Corporate Prevention of Harassment Policies:** Among other policies, the Company revised and enhanced its Preventing Harassment and Discrimination Policy, including the following changes:

   - Updating the name of the Sexual Harassment Policy, from "Zero Tolerance" to "Preventing Harassment and Discrimination";

   - Strengthening the Policy's statement of corporate commitment to diversity, inclusion, and respect;

   - Clarifying that the Policy applies to all employees throughout the Company, including full-time, part-time, temporary, and seasonal employees, as well as the Board of Directors;

- Clarifying the Company's reporting procedure and emphasizing a manager's duty to report all instances of complaints or harassment;

- Adding a reporting channel directly to the Audit Committee for any complaints involving senior executives;

- Adding additional channels for reporting and filing complaints to ensure that employees have multiple avenues through which they may feel safe making a report or filing a complaint;

- Strengthening and clarifying the Policy's statement against retaliation by clearly defining "retaliation," and emphasizing that employees who engage in retaliation may be subject to discipline, up to and including termination; and

- Clarifying that the Policy applies to third-party harassment and requiring all independent contractors, including employees thereof, to abide by the Company's Preventing Harassment and Discrimination Policy.

The Company will also implement an annual survey to assess the efficacy of the enhancements.  Surveys include the following questions: (1) I have not personally witnessed sexual harassment in this Company. (2) I am familiar with the proper reporting procedures for incidents of sexual harassment. (3) I feel comfortable reporting incidents of sexual harassment to management. (4) I believe the Company will take appropriate action in response to incidents of sexual harassment.

2. **Enhanced Training:** Launched enhanced Workplace Compliance and Prevention of Sexual Harassment training for all employees, designed by a third-party expert and delivered in-person to all employees.

3. **Women's Leadership Council:** Launched a Women's Leadership Council to promote equality within the workplace.

4. **Equitable Pay and Promotion Study:** Commissioned pay and promotion equity studies to measure pay equality among men and women in the workforce.

5. **Parental Leave Policy:** Launched a Paid Parental Leave program that provides paid time off to new parents.

6. **Perfect Start Policy:**  Qualified new parent employees receive $250 upon the birth of a child.

7. **Diversity Training:** Implemented new Diversity, Inclusion and Unconscious Bias training taught by third-party experts.  Company senior executives completed an eight-hour training program.

8. **Employee Relations Department:** Extended the hours of the Employee Relations Department to ensure greater access and availability for employees.

9. **Reporting Hotline:** Retained a third-party expert in human resource matters to establish a third-party reporting hotline for employees.

10. **Enhancements to Reporting and Investigative Processes:** Adopted new written protocols to memorialize the process of workplace conduct investigations and ensure that every report and complaint it receives is appropriately and consistently addressed.

032

**11. Permitted Disclosures Policy:** Adopted a Permitted Disclosures Policy, which reaffirms to employees that nothing in any Company policy or employment-related confidentiality or non-disparagement agreement restricts them from engaging in legally-protected disclosures.

**12. Personal Relationships and Potential Conflicts of Interest Policy:** Updated the Personal Relationships and Potential Conflicts of Interest Policy to discourage personal relationships between all employees and expressly state that personal relationships must not interfere with any employees' professional behavior. The updated policy also provides added clarity by specifically defining "Restricted Relationships," and identifying certain personal relationships between employees that must be reported to Human Resources and to the Audit Committee of the Board of Directors. The new policy also enhances review and scrutiny of personal relationships in the Company's Legal, Compliance, Security, and Human Resources departments.

**13. Spa and Salon Policies and Initiatives:** Updated the Spa and Salon Policies in an effort to increase the safety and security of employees and minimize the potential for misconduct, including updates stating that:

- if an employee is uncomfortable or feels threatened during service, he or she should immediately end the service and leave the guestroom or treatment area;

- solicitation by guests of the private information of employees is inappropriate; and

- all inappropriate behavior must be reported to the manager on duty.

As part of these changes, the Company also made clear to all Spa and Salon employees that they are entitled to be escorted by a manager or security to and from any in-room service appointments. In addition, the Company has provided each guest-room attendant (and Spa and Salon employees going to guest rooms) a safety button that they can push in the case of an emergency. The Company also initiated a policy prohibiting the use of Spa and Salon services by executives and Board members.

**14. New Compliance Program:** Adopted a new Compliance Program with a reconstituted Compliance Committee comprised of individuals with extensive experience and familiarity with law enforcement regulated businesses, ethics, and/or gaming compliance, who are not otherwise affiliated with the Company, to oversee and promote the Company's compliance and ensure that it meets the Company's strict policy to conduct business at the highest levels of honesty and integrity. Two Board members also serve as *ex officio* members of the Compliance Committee. Under the new Compliance Program, the Compliance Committee is responsible for:

- Ensuring the Company's compliance with gaming laws in all applicable jurisdictions;

- Reviewing all transactions entered into during the previous quarter;

- Reviewing all claims of sexual harassment reported by employees;

- Meeting regularly with the Chief Global Compliance Officer and the Audit Committee;

- Sharing minutes between the Board and the Compliance Committee; and

033

- Providing the Company's gaming regulators with regular updates on, among other things, the following issues: (i) disciplinary actions, settlements, or terminations regarding harassment or discrimination by a senior executive; (ii) significant compliance developments; and (iii) any known lawsuits or other public filings against senior executives or Board members involving harassment or discrimination.

**15. Arbitration Clauses:** Prohibition of employer-forced arbitration clauses (other than for collective bargaining agreements) for discrimination or sexual misconduct claims.

**16. Non-Disclosure Agreements:** Prohibition of employer-forced Non-Disclosure Agreements in any settlement agreements relating to discrimination or sexual misconduct claims. Allow for permissive one-sided Non-Disclosure Agreements so that victim can disclose, but Wynn Resorts cannot force non-disclosure.

**17. Amendment to Code of Personal Conduct:** Amended the Code of Personal Conduct to require disclosure of any civil complaints, administrative charges, or settlements (whether or not as the result of a civil or administrative complaint) involving claims alleging that the employee engaged in sexual harassment.

**18. Adoption of "Rooney Rule":** Adoption of a "Rooney Rule" in the Board's Nominating and Governance Charter for evaluation of candidates.

1

**EXHIBIT B**

2

Patrick G. Byrne (NV Bar #7636)
Alex L. Fugazzi (NV Bar #9022)

3

V. R. Bohman (NV Bar #13075)
SNELL & WILMER L.L.P.

4

3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

5

Telephone: 702.784.5200
Facsimile: 702.784.5252

6

Email: pbyrne@swlaw.com

7

          afugazzi@swlaw.com
          vbohman@swlaw.com

8

*Additional Counsel on Signature Block*

9

*Attorneys for Defendants John J. Hagenbuch, Ray R.*

10

*Irani, Jay L. Johnson, Matthew Maddox, Robert J.
Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V.
Shoemaker, J. Edward Virtue, and D. Boone Wayson*

11

DISTRICT COURT

12

CLARK COUNTY, NEVADA

13

| | |
|---|---|
| IN RE WYNN RESORTS, LTD.<br>DERIVATIVE LITIGATION | **Lead Case No. A-18-769630-B**<br>Consolidated with Case Nos.<br>A-18-769673-B, A-18-770013-B, A-18-770222-B,<br>A-18-770578-B, A-18-771162-B, A-19-795981-B |
| | -AND- |
| | **Coordinated Cases**<br>A-18-785076-B, A-18-785733-B, A-18-785771-B,<br>A-18-785942-B, A-18-785970-B, A-18-786074-B,<br>A-18-786149-B, A-18-786696-B, A-19-787070-B |
| AND ALL COORDINATED<br>CASES | Dept. No.:  XVI |

14

15

16

17

18

19

20

21

**[PROPOSED] SCHEDULING ORDER**

22

        This matter having come before the Court upon the parties' joint submission of the Stipulation

23

and Agreement of Settlement and Release, dated November 21, 2019, and the exhibits attached

24

thereto (the "Agreement"), and the Court having reviewed the Agreement and being fully advised

25

of the premises therein, IT IS HEREBY ORDERED that:

26

        1.        A hearing (the "Settlement Hearing") shall be held before this Court on the _____

27

day of _____, 2020 at _____, to (i) determine whether the above-captioned action

28

(the "Action") may proceed as a stockholder derivative action pursuant to Nevada Rule of Civil

- 32 -

035

Procedure 23.1, solely for purposes of the Settlement and without prejudice to the Company's right to raise defenses under Rule 23.1 or any other defenses in the Action in the event that the Court fails to grant final approval of the Settlement; (ii) determine whether the Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and in the best interests of Wynn Resorts, Ltd. ("Wynn Resorts") and its stockholders; (iii) determine whether the Court should finally approve the Settlement and enter a judgment, substantially in the form attached hereto as Exhibit E, dismissing the Action with prejudice and extinguishing and releasing the claims as set forth therein; (iv) hear and determine any objections to the Settlement; (v) rule on Plaintiffs' application for an award of attorneys' fees and expenses; and (vi) rule on such other matters as the Court may deem appropriate.

2.     The Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Notice"), attached as Exhibit C to the Agreement, and the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Summary Notice"), attached as Exhibit D to the Agreement, and finds that the mailing and posting of these notices, substantially in the manner and form set forth in the Agreement, meets the requirements of Nevada Rule of Civil Procedure 23.1 and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Wynn Resorts' stockholders.

3.     At least sixty **(60) business days** before the Settlement Hearing, Wynn Resorts shall cause the Notice, attached as Exhibit C to the Agreement, to be mailed by first-class mail to all stockholders of record as of the close of business on the date of this Order at the addresses provided on the books of Wynn Resorts.

4.     At least **sixty (60) business days** before the Settlement Hearing, Wynn Resorts shall cause the Notice to be posted on its corporate website.

5.     At least **sixty (60) business days** before the Settlement Hearing, Wynn Resorts shall cause the newswire service PR Newswire to issue the Summary Notice once to the public in the United States.

036

6.     At least **fourteen (14) days** before the Settlement Hearing, Wynn Resorts shall file with the Court proof, by appropriate declaration, of such mailing and posting described in Paragraphs 3, 4, and 5.

7.     All papers in support of the settlement shall be filed with the court and served at least **twenty (20) days** before the Settlement Hearing.

8.     Any Wynn Resorts stockholders may appear and show cause, if he, she, or it has any reason why the settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why attorneys' fees should not be awarded to Plaintiffs' counsel; provided, however, that no Wynn Resorts stockholder shall be heard or entitled to contest the approval of the terms and conditions of the settlement unless that person has, at least **thirty (30) days** before the Settlement Hearing, filed a detailed objection in writing (described further below) with the Clerk of Court and served on the following counsel so that it was received no later than **thirty (30) days** before the Settlement hearing:

> Julie Goldsmith Reiser
> COHEN MILSTEIN SELLERS &
> TOLL LLC
> 1100 New York Avenue NW, Suite 500
> Washington, D.C. 20005
> *Counsel for Lead Plaintiffs*
>
> Matthew Solum, P.C.
> KIRKLAND & ELLIS LLP
> 601 Lexington Avenue
> New York, New York 10022
> *Counsel for Director Defendants*
>
> Colleen Smith
> LATHAM & WATKINS LLP
> 12670 High Bluff Drive
> San Diego, California 92130
> *Counsel for Stephen A. Wynn*
>
> James N. Kramer
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> 405 Howard Street
> San Francisco, California 94105
> *Counsel for Kimmarie Sinatra*
>
> Brenoch R. Wirthlin
> FENNEMORE CRAIG P.C.
> 300 South Fourth Street, Suite 1400
> Las Vegas, Nevada 89101
> *Counsel for Wynn Resorts*

1   Such objections must contain the following information:  (i) the Wynn Resorts stockholder's name,

2   legal address, and telephone number; (ii) Proof of being a Current Wynn Resorts Shareholder as of

3   the Record Date; (iii) The date(s) the Wynn Resorts stockholder purchased their Wynn Resorts

4   shares; (iv) a statement of the Wynn Resorts stockholder's position with respect to the matters to

5   be heard at the Final Hearing, including a statement of each objection being made; and (v) the

6   grounds for each objection or the reasons for the Wynn Resorts stockholder desiring to appear and

7   to be heard.  Any Wynn Resorts stockholder who fails to object or otherwise request to be heard in

8   the manner prescribed above will be deemed to have waived the right to object to any aspect of the

9   settlement or to otherwise request to be heard (including the right to appeal) and will be forever

10  barred from raising such objection or request to be heard in this or any other action or proceeding,

11  and shall be bound by the settlement, the judgment, and the releases given.

12          9.      All replies to any objections shall be filed and served at least **seven (7) days** before

13  the Settlement Hearing.

14          **IT IS SO ORDERED.**

15  Dated this __ day of _____, 2019

16                                                          _____

                                                            DISTRICT COURT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

**NOTICE OF PENDENCY OF DERIVATIVE ACTION, PROPOSED AGREEMENT OF SETTLEMENT AND RELEASE, AND SETTLEMENT HEARING**

**TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF WYNN RESORTS, LTD. ("WYNN RESORTS" OR THE "COMPANY") AS OF _____ (THE "RECORD DATE") ("CURRENT WYNN RESORTS SHAREHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF *DINAPOLI V. WYNN, ET AL.*, CASE NO. A-18-770013-B (THE "ACTION"), A SHAREHOLDER DERIVATIVE ACTION, AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE "RELEASED CLAIMS," AS DEFINED HEREIN.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of this shareholder derivative lawsuit. This Notice is provided by Order of the District Court of Nevada, Clark County (the "Court"). It is not an expression of any opinion by the Court. It is to notify you of the terms of the proposed Settlement, and your rights related thereto.

**1.     WHY THE COMPANY HAS ISSUED THIS NOTICE**

Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System and Trustee of the New York State Common Retirement Fund, and the New York City Pension Fund [4] (together, "Plaintiffs"), Nominal Defendant Wynn Resorts, Ltd. ("Wynn Resorts" or the "Company"), and Defendants D. Boone Wayson, John J. Hagenbuch, Ray R. Irani, Jay L. Johnson, Robert J. Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V. Shoemaker, and J. Edward Virtue ("Director Defendants"), Stephen A. Wynn, Kimmarie Sinatra, and Matthew Maddox (together with the Director Defendants, the "Defendants" and, together with Plaintiffs and Wynn Resorts, the "Parties" and each a "Party") have agreed upon terms to settle the Action on the terms set forth in the Stipulation and Agreement

---

[4] The NYC Funds include: New York City Employees' Retirement System, New York City Police Pension Fund, Police Officer's Variable Supplements Fund, Police Supervisor Officers Variable Supplements Fund, New York City Fire Pension Fund, Fire Fighters' Variable Supplements Fund, Fire Officers' Variable Supplements Fund, Board of Education Retirement System of the City of New York, Teachers' Retirement System of the City of New York, and New York City Teachers' Variable Annuity Program.

of Settlement and Release, dated November 21, 2019 ("Agreement"), which can be viewed and/or downloaded at www.wynnresorts.com.

On _____, at _____, the Court will hold a hearing (the "Final Hearing") in the Action. The purpose of the Final Hearing is to determine: (i) whether the terms of the Agreement are fair, reasonable, and adequate and should be approved; (ii) whether a final judgment should be entered; and (iii) such other matters as may be necessary or proper under the circumstances.

## 2.   SUMMARY OF THE ACTION

On February 22, 2018, Plaintiffs Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System and Trustee of the New York State Common Retirement Fund ("NYSCRF"), and New York City Employees' Retirement System, New York City Police Pension Fund, Police Officer's Variable Supplements Fund, Police Supervisor Officers' Variable Supplements Fund, New York City Fire Pension Fund, Fire Fighters' Variable Supplements Fund, Fire Officers' Variable Supplements Fund, Board of Education Retirement System of The City of New York, Teachers' Retirement System of The City of New York, and New York City Teachers' Variable Annuity Program (collectively, the "NYC Funds") filed a stockholder derivative action in the District Court of Nevada, Clark County (the "Court"), on behalf of Nominal Defendant Wynn Resorts against the Defendants for breaches of fiduciary duty styled *DiNapoli v. Wynn, et al.*, Case No. A-18-770013-B (the "DiNapoli Action").

Six other derivative complaints were filed in the Court, including (1) *Operating Engineers, et al. v. Wynn, et al.*, Case No. A-18-769630-B (filed Feb. 15, 2018); (2) *Boynton Beach Mun Firefighters' Pension Trust Fund, et al. v. Wynn, et al.*, Case No. A-18-769673-B (filed Feb. 15, 2018); (3) *Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. v. Wynn, et al.*, Case No. A-18-770013-B (filed Feb. 22, 2018); (4) *State of Oregon, et al. v. Wynn, et al.*, Case No. A-18-770578-B (filed Mar. 6, 2018); (5) *Insulators and Asbestos Workers Local No. 14 Pension and Health and Welfare Funds, v. Wynn, et al.*, Case No. A-18-771162-B (filed Mar. 15, 2018); and (6) *C. Jeffrey Rogers v. Wynn, et al.*, Case No. A-18-773024-B (filed Apr. 18, 2018, "Rogers Action"); and (7) *Dennis Rosen v. Stephen A. Wynn, et al*., Case No. A-19-795981-B (filed June 3, 2019).

On March 23, 2018, Plaintiffs filed their Verified Amended Stockholder Derivative Complaint in the DiNapoli Action alleging five causes of action: (a) breach of fiduciary duty against the Director Defendants; (b) unjust enrichment against all Defendants; (c) breach of fiduciary duty against Stephen A. Wynn, Kimmarie Sinatra, and Matthew Maddox; (d) insider trading against Stephen A. Wynn, John J. Hagenbuch, Patricia Mulroy, Clark T. Randt, Jr., Alvin V. Shoemaker, D. Boone Wayson, Kimmarie Sinatra, and Matthew Maddox; and (e) aiding and abetting Stephen A. Wynn's breach of fiduciary duty against Kimmarie Sinatra, Matthew Maddox, and the Director Defendants (collectively, "Plaintiffs' Allegations").

On May 10, 2018, the Court signed an order consolidating the DiNapoli Action with the other aforementioned derivative suits, excluding the Rogers Action, (the "Action") and made the March 23, 2018 complaint the operative complaint (the "Complaint").  In the same order, the Court designated Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System and Trustee of the New York State Common Retirement Fund, and the New York City Pension Funds, collectively, as Lead Plaintiffs ("Lead Plaintiffs") and the law firm of Cohen Milstein Sellers & Toll PLLC as Lead Counsel for the Action

040

and the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP as Liaison Counsel (collectively, "Plaintiffs' Counsel").  In the Complaint, Plaintiffs allege that Wynn Resorts suffered injury as a result of Plaintiffs' Allegations.

On September 5, 2018, the Court denied Defendants' motions to dismiss the Amended Complaint, finding that demand on the Board would be futile ("MTD Order").

On September 19, 2018, the Company's Board of Directors created and established a Special Litigation Committee ("SLC") in accordance with *In re Dish Network Derivative Litig.*, 401 P.3d 1081 (Nev. 2017) ("Dish Network"). In accordance with Dish Network, the Board tasked the SLC with reviewing, investigating, and analyzing the allegations and causes of action in the Amended Complaint, as well as making a determination as to whether it is in the Company's best interest to prosecute, resolve, or dismiss some or all of the causes of action in the Amended Complaint. On November 30, 2018, the SLC filed a Motion to Intervene and Motion to Stay in the Action and on January 6, 2018, the Court granted the SLC's motion to intervene and granted the SLC's motion to stay in part (the "Stay").

On October 15, 2018, the Nevada Supreme Court summarily dismissed Defendants' petition to reverse the Court's MTD Order.

On November 29, 2018, the Court denied a "renewed" motion to dismiss the Amended Complaint by Defendant Sinatra.

3.      SETTLEMENT

On November 21, 2019, Plaintiffs and Defendants entered into the Agreement to resolve the Action. Pursuant to the Agreement, Wynn Resorts will institute certain corporate governance reforms, including:

1.  **Majority Vote Requirement:** The Board of Directors shall submit and recommend a proposed bylaw change to Wynn shareholders for approval at its 2020 annual general meeting that requires a majority vote for all director elections and re-elections, except in the case of a proxy context.  Upon approval, the Board of Directors will implement said change.

2.  **10b5-1 Plan:** The Board of Directors shall adopt (i) a requirement that Directors wishing to sell Company stock must do so pursuant to a 10b5-1 plan and (ii) a requirement that executives wishing to sell Company stock who have stock in the Company worth more than $15 million must do so pursuant to a 10b5-1 plan.

3.  **Succession Plan:** The Nominating & Governance Committee will enhance its succession planning and provide a succession plan for executive officers and directors to the Board of Directors.

4.  **Separation of Chairman and CEO:** The Board of Directors shall submit and recommend a proposed bylaw change to Wynn shareholders for approval at its 2020 annual general meeting that mandates the separation of Chairman and CEO, and requires that the Chairman be independent.  Upon approval, the Board of Directors will implement said change.

**5.** **Commitment to Diversity:** The Nominating & Governance Committee will publicly announce the intention of the Company to achieve 50% diversity of the Board of Directors.

In addition, consistent with Plaintiffs' claims and after the filing of the Amended Complaint, Wynn Resorts has instituted a number of additional Corporate Governance reforms during the pendency of the litigation.  These additional reforms, set forth in Exhibit A, include, but are not limited to:

1.     Substantially revised and updated Corporate Prevention of Harassment Policy, Personal Relationships and Potential Conflicts of Interest Policy, Spa and Salon Policy and Code of Personal Conduct;

2.     Significantly enhanced sexual harassment and diversity training for all employees;

3.     Significant enhancements to the ability to report complaints, including extending the hours of the Employee Relations Department and the establishment of a third-party hotline;

4.     The creation of a Compliance Program and Compliance Committee, comprised of individuals with extensive experience and familiarity with law enforcement regulated businesses, ethics, and/or gaming compliance, who are not otherwise affiliated with the Company, to oversee and promote the Company's compliance and ensure that it meets the Company's strict policy to conduct business at the highest levels of honesty and integrity;

5.     Prohibition of employer-forced arbitration clauses and non-disclosures agreements; and

6.     The adoption of a "Rooney Rule" in the Board's Nominating and Governance Charter for evaluation of candidates.

The Agreement also provides for the entry of judgment dismissing the Action against the Defendants with prejudice and, as explained in more detail in the Agreement, releasing and discharging certain known and unknown claims that could have been brought in any court by the Plaintiffs in the Action or by Wynn Resorts, or any of its shareholders, derivatively against the Defendants and Wynn Resorts and all of their past, present, and future officers, directors, shareholders, members, partners, managers, agents, attorneys, and insurers that relate to, arise out of, or concern Plaintiffs' Allegations.

**4.     PLAINTIFF'S ATTORNEYS' FEES AND EXPENSES**

After negotiating corporate governance reforms, counsel for the Plaintiff, the Company and Defendants, negotiated the attorneys' fees that Defendants would pay to Plaintiff's Counsel. In light of benefits produced for Wynn Resorts by Plaintiffs and their Counsel in connection with this Agreement and the litigation leading up to it, Plaintiffs and Plaintiffs' Counsel intend to seek an aggregate award from the Court of no more than 12% of the combined monetary and corporate governance benefit to the Company as compensation for attorneys' fees and expenses, subject to Court approval.  The aggregate award will include expenses not to exceed $300,000.00, subject to Court approval.

**5.     REASONS FOR THE SETTLEMENT**

The Court did not decide in favor of the Plaintiff or the Defendants. The proposed Settlement was negotiated at arm's-length by attorneys for the Parties. The attorneys for all of the

042

Parties have extensive experience in shareholder derivative cases, and they all believe the Settlement is in the best interest of their clients. Wynn Resorts and Plaintiffs believe that the Settlement provides substantial benefits upon Wynn Resorts and its shareholders.

## 5.1   Why Did Plaintiffs Agree to Settle?

Plaintiffs' Counsel investigated claims and the underlying events and transactions alleged in the Action. Plaintiffs' Counsel have analyzed the evidence adduced during their investigation, and have researched the applicable law with respect to the claims of Plaintiffs, Wynn Resorts, and its shareholders against the Defendants and the potential defenses thereto.

Based upon their investigation, Plaintiffs and its counsel have concluded that the terms and conditions of the Agreement are fair, reasonable, and adequate to Plaintiffs, Current Wynn Resorts Shareholders, and Wynn Resorts, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Agreement after considering, among other things: (a) the substantial benefits that Wynn Resorts and its shareholders will receive from the Agreement, (b) the attendant risks of continued litigation of the Action, and (c) the desirability of permitting the Settlement to be consummated.

In particular, Plaintiffs and their counsel considered the significant litigation risk inherent in this Action. The law imposes significant burdens on Plaintiffs for pleading and proving a shareholder derivative claim. Further, there was a significant risk that the Special Litigation Committee of the Board of Wynn Resorts, formed by the Board on September 19, 2018 to investigate the claims in the Action, would recommend that the Company take no action or limited action, a recommendation that would have been very difficult to overcome. While Plaintiffs believe their claims are meritorious, Plaintiffs acknowledge that there is a substantial risk that the Action may not succeed in producing a recovery in light of the applicable legal standards and possible defenses. Plaintiffs and their counsel believe that, under the circumstances, they have obtained the best possible relief for Wynn Resorts and its shareholders.

## 5.2   Why Did the Defendants Agree to Settle?

Litigation presents inherent risks. Although Defendants deny that they acted improperly, the defense of the Action requires an expenditure of corporate resources, in particular, of management time and attention. After investigation of the underlying facts and analyzing the applicable law, Defendants believe that the arm's length settlement negotiated with Plaintiffs is appropriate under the circumstances. The settlement provides a certain and specific resolution of the disputes and provides a corporate governance change that is beneficial to Wynn Resorts shareholders. As well, the settlement permits Wynn Resorts' management to focus their attention on Wynn Resorts business affairs, which is where the focus of management should be.

## 6.   FINAL HEARING

On _____, 2020, at _____, in Department 16, Courtroom 3H, of the Regional Justice Center, 200 Lewis Avenue, Las Vegas, Nevada 89101, the Court will hold the Final Hearing. At the Final Hearing, the Court will consider whether the terms of the Settlement are fair, reasonable, and adequate and thus should be finally approved, and whether the Action should be dismissed with prejudice pursuant to the Agreement.

**7.      RIGHT TO ATTEND FINAL HEARING**

Any Current Wynn Resorts Shareholder may, but is not required to, appear in person at the Final Hearing. If you want to be heard at the Final Hearing, then you must first comply with the procedures for objecting, which are set forth below. The Court has the right to change the hearing dates or times without further notice. Thus, if you are planning to attend the Final Hearing, you should confirm the date and time before going to the Court. CURRENT WYNN RESORTS SHAREHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE FINAL HEARING OR TAKE ANY OTHER ACTION.

**8.      RIGHT TO OBJECT TO SETTLEMENT AND PROCEDURES FOR DOING SO**

You have the right to object to any aspect of the Settlement. You must object in writing, and you may request to be heard at the Final Hearing. If you choose to object, then you must follow these procedures.

**8.1      You Must Make Detailed Objections in Writing**

Any objection must be presented in writing and must contain the following information. The Court may not consider any objection that does not substantially include the following information:

> 1.      Your name, legal address, and telephone number;
>
> 2.      Proof of being a Current Wynn Resorts Shareholder as of the Record Date;
>
> 3.      The date(s) you purchased your Wynn Resorts shares;
>
> 4.      A statement of your position with respect to the matters to be heard at the Final Hearing, including a statement of each objection being made;
>
> 5.      The grounds for each objection or the reasons for your desiring to appear and to be heard;
>
> 6.      Notice of whether you intend to appear at the Final Hearing (this is not required if you have lodged your objection with the Court); and
>
> 7.      Copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Final Hearing and the subject(s) of their testimony.

**8.2      You Must Timely Deliver Written Objections to the Court, Plaintiffs' Counsel, and Defendants' Counsel**

YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN 20 CALENDAR DAYS BEFORE THE FINAL HEARING.

The Court Clerk's address is:

Clerk of the Court
200 Lewis Avenue
Las Vegas, Nevada 89155

YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO COUNSEL FOR PLAINTIFFS AND COUNSEL FOR DEFENDANTS SO THEY ARE RECEIVED NO LATER THAN 20 CALENDAR DAYS BEFORE THE FINAL HEARING.

Counsel's addresses are:

Julie Goldsmith Reiser
COHEN MILSTEIN SELLERS &
TOLL LLC
1100 New York Avenue NW, Suite 500
Washington, D.C. 20005
*Counsel for Lead Plaintiffs*

Matthew Solum, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
*Counsel for Director Defendants*

Colleen Smith
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, California 92130
*Counsel for Stephen A. Wynn*

James N. Kramer
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
*Counsel for Kimmarie Sinatra*

Brenoch R. Wirthlin
FENNEMORE CRAIG P.C.
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Counsel for Wynn Resorts*

## 9.   HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice summarizes the Agreement. It is not a complete statement of the events of the Action or the Agreement.

You may inspect the Agreement and other papers in the Action at the District Court of Nevada, Clark County clerk's office at any time during regular business hours of each business day.

045

1

2            PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO
EITHER THE COURT OR THE CLERK'S OFFICE. Any questions you have about matters in this

3      Notice should be directed by telephone to Julie Goldsmith Reiser of Cohen Milstein Sellers & Toll
LLC at (202) 408-4600 or in writing to Cohen Milstein Sellers & Toll LLC 1100 New York Avenue

4      NW, Suite 500, Washington, D.C. 20005.

5            DATED: _____, 2019
      BY ORDER OF THE COURT

6            DISTRICT COURT OF NEVADA
      CLARK COUNTY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

**SUMMARY NOTICE**

 **THE DISTRICT COURT OF NEVADA, CLARK COUNTY *DINAPOLI V. WYNN, ET AL.*, CASE NO. A-18-770013-B (THE "ACTION"), SUMMARY NOTICE OF PENDENCY OF DERIVATIVE ACTION, AGREEMENT OF SETTLEMENT AND RELEASE, AND SETTLEMENT HEARING**

 **TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF WYNN RESORTS, LTD. ("WYNN RESORTS" OR THE "COMPANY") AS OF _____ (THE "RECORD DATE") ("CURRENT WYNN RESORTS SHAREHOLDERS").**

 YOU ARE HEREBY NOTIFIED that the parties to the Action have reached a settlement to resolve the issues raised in the Action ("Settlement").

 PLEASE BE FURTHER ADVISED that, pursuant to the Order of the District Court of Nevada, Clark County, on _____, at _____, in Department 16, Courtroom 3H, of the Regional Justice Center, 200 Lewis Avenue, Las Vegas, Nevada 89101, a hearing will be held to determine: (i) whether the terms of the Agreement are fair, reasonable, and adequate and should be approved; (ii) whether a final judgment should be entered; and (iii) such other matters as may be necessary or proper under the circumstances.

 If you are a Current Wynn Resorts Shareholder, you may have certain rights in connection with the proposed settlement. You should obtain a copy of the full printed Notice of Pendency of Derivative Action, Proposed Agreement of Settlement and Release, and Settlement Hearing, at www.wynnresorts.com or by writing Cohen Milstein Sellers & Toll LLC 1100 New York Avenue NW, Suite 500, Washington, D.C. 20005.

 If you are a Current Wynn Resorts Shareholder and do not take steps to appear in this action or to object to the proposed Settlement, you will be bound by the Order and Final Judgment of the Court, you will forever be barred from raising an objection to such Settlement in this or any other action or proceeding, and certain claims that you might have may be released.

 You may obtain further information by writing Cohen Milstein Sellers & Toll LLC at the address above.

 PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE.

 DATED: _____, 2019
BY ORDER OF THE COURT
DISTRICT COURT OF NEVADA
CLARK COUNTY

047

1

**EXHIBIT E**

2

Patrick G. Byrne (NV Bar #7636)
Alex L. Fugazzi (NV Bar #9022)

3

V. R. Bohman (NV Bar #13075)
SNELL & WILMER L.L.P.

4

3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

5

Telephone: 702.784.5200
Facsimile: 702.784.5252

6

Email: pbyrne@swlaw.com
        afugazzi@swlaw.com

7

        vbohman@swlaw.com

8

*Additional Counsel on Signature Block*

9

*Attorneys for Defendants John J. Hagenbuch, Ray R.*

10

*Irani, Jay L. Johnson, Matthew Maddox, Robert J.
Miller, Patricia Mulroy, Clark T. Randt, Jr., Alvin V.
Shoemaker, J. Edward Virtue, and D. Boone Wayson*

11

DISTRICT COURT

12

CLARK COUNTY, NEVADA

13

| | |
|---|---|
| IN RE WYNN RESORTS, LTD. DERIVATIVE LITIGATION | **Lead Case No. A-18-769630-B**<br>Consolidated with Case Nos.<br>A-18-769673-B, A-18-770013-B, A-18-770222-B,<br>A-18-770578-B, A-18-771162-B, A-19-795981-B |
| | -AND- |
| | **Coordinated Cases**<br>A-18-785076-B, A-18-785733-B, A-18-785771-B,<br>A-18-785942-B, A-18-785970-B, A-18-786074-B,<br>A-18-786149-B, A-18-786696-B, A-19-787070-B |
| AND ALL COORDINATED CASES | Dept. No.:  XVI |

14

15

16

17

18

19

20

21

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

22

This matter came before the Court for hearing pursuant to the Order of this Court, dated

23

_____, 2019, on the application of the Parties for approval of the Settlement set forth

24

in the Stipulation and Agreement of Settlement and Release, dated November 21, 2019, and the

25

exhibits thereto (the "Agreement").  Due and adequate notice having been given to stockholders of

26

Wynn Resorts, Ltd. ("Wynn Resorts") as required in said Order, and the Court having considered

27

all objections raised, if any, and having considered all arguments made and papers filed and

28

proceedings had herein, and otherwise being fully informed and good cause appearing therefore,

048

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      For purposes of this Final Judgment and Order of Dismissal (the "Judgment") the Court incorporates by reference the definitions in the Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Agreement, and over all Parties, including nominal defendant Wynn Resorts and its stockholders.

3.      Pursuant to Rule 23.1 of the Nevada Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Agreement in all respects, and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to, and in the best interests of Wynn Resorts, Wynn Resort's stockholders, and Plaintiffs.

4.      This Court further finds the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Agreement.

5.      The Action and all claims contained therein against the Defendants are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

6.      The methods of dissemination and publication of the Summary Notice and Notice, respectively, as provided for in the Agreement constituted the best notice practicable under the circumstances to Wynn Resorts' shareholders and meets the requirements of Nevada Rule of Civil Procedure 23.1, due process under both the Constitution of the State of Nevada and the Constitution of the United States, and any other applicable law, and constituted due and sufficient notice to all persons entitled thereto.

7.      Upon the Effective Date, Plaintiffs and each and every other Wynn Resorts shareholder, for themselves and derivatively on behalf of Wynn Resorts, and for Plaintiff Releasing

Parties, release and forever discharge the Defendant Released Parties from, and hereby covenant not to sue Defendant Released Parties for, any and all Defendants' Released Claims provided, however, that Defendants' Released Claims shall not include the right of Plaintiff Releasing Parties to enforce the terms of the Agreement or the Settlement, including Plaintiffs' Counsel's application for an award of fees and expenses.

**8.**     Upon the Effective Date, Wynn Resorts, on behalf of Wynn Resorts Releasing Parties, shall release and forever discharge each of the Defendant Released Parties from, and covenant not to sue Defendant Released Parties for, any Wynn Resorts' Released Claims, provided, however, that Wynn Resorts' Released Claims shall not include the right of the Wynn Resorts Releasing Parties to enforce the terms of the Agreement or the Settlement.

**9.**     Upon the Effective Date, each of the Defendant Released Parties and Wynn Resorts shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Plaintiffs' Released Claims provided, however, that Plaintiffs' Released Claims shall not include the right of the Defendants to enforce the terms of the Agreement or the Settlement.

**10.**     The Court hereby approves the Fee Award in accordance with the Agreement and finds that the Fee Award is fair and reasonable.

**11.**     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the Parties thereto for the purpose of construing, enforcing, and administering the Stipulation; and (c) any other matter related or ancillary thereto.

**12.**     The Court finds that the action was filed, prosecuted, and defended in good faith, and that during the course of the action, the Parties and their respective counsel at all times complied with the requirements of the Nevada Rules of Civil Procedure, and all other similar rules and statutes.

**13.**     Neither the Agreement, nor the settlement contained therein, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission

050

1  or concession by any of the Defendants in this Action, or as evidence of the truth or validity of any

2  of the allegations in this Action, or of any liability, fault or wrongdoing of any kind.  Neither the

3  Agreement, nor the Settlement, nor any act performed or document executed pursuant to, or in

4  furtherance of the Agreement or the Settlement, shall be admissible in any proceeding for any

5  purpose, except to enforce the terms of the Agreement and except that the Released Parties may

6  file the Agreement and/or the Judgment in any action that may be brought against them in order to

7  support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

8  good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

9  preclusion or similar defense or counterclaim.

10        **14.**      This Judgment is a final, appealable judgment and should be entered forthwith by

11  the Clerk.

12        **IT IS SO ORDERED.**

13  Dated this __ day of _____, 2019

14

15                                                                    _____

                                                                      DISTRICT COURT JUDGE

16

17

18

19

20

21  4811-8700-5102

22

23

24

25

26

27

28