UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKEY A. BROUSSARD, derivatively on behalf of Nominal Defendant WYNN RESORTS, LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. HAGENBUCH, RAY R. IRANI, JAY L. JOHNSON, ROBERT J. MILLER, JR., ALVIN A. SHOEMAKER, KIMMARIE SINATRA, J. EDWARD VIRTUE, D. BOONE WAYSON, and STEPHEN A. WYNN,<br><br>Defendants. | Case No. 2:18-cv-0293-KJD-DJA<br><br>**ORDER DENYING MOTION TO INTERVENE** |

Before the Court is both parties' Joint Stipulation of Dismissal with Prejudice (#94). Also before the Court is Intervenor Gaj's Motion to Intervene for Purposes of Seeking Modification of Dismissal Order (#95). Defendants responded in opposition (#96/97) to which Intervenor replied (#100). The stipulation to dismiss would dismiss Gaj's claims in a related suit, Gaj v. Wynn, No. 2:19-cv-00505-KJD-DJA. As such, Gaj seeks to modify the dismissal order to ensure his claims survive.

I.   Factual and Procedural Background

In January 2018, news reports surfaced outlining Stephen Wynn's ("Wynn") "sexual misconduct." (#97, at 3). At the time, Wynn was the CEO of Wynn Resorts. Id. According to the reports, Wynn had entered into a secret settlement with a former employee in 2005 for $7.5 million to keep his behavior quiet. Id. On February 15, 2018, with the knowledge of Wynn's behavior now public, Plaintiff Rickey Broussard ("Broussard") brought a derivative action in federal court against the board members on behalf of Wynn Resorts. Id. Other shareholders also filed derivative actions and Broussard's suit was appointed the Lead Action of the consolidated

cases. Id. Alternatively, in state court, similar derivative actions followed and were eventually consolidated. Id. at 4–5. The parties in the state court action reached a $90 million settlement and presented it to the court for approval. Id. at 7–8.

Intervenor Dustin Gaj ("Gaj") had his own pending derivative action against the corporation and objected to the state court settlement. Id. at 10. Gaj asked the court to carve his claims out of the settlement so they would not be dismissed and to allow him to seek attorney fees. Id. at 10. After considering Gaj's argument, the state court rejected Gaj's objection to the settlement and approved the settlement. Id. Gaj opted not to intervene in the state court action to appeal the settlement. Id. at 11. Instead, Gaj filed this motion to intervene to object to the stipulation of dismissal, based on the state court settlement. Id. at 11–12.

## II.     Legal Standard

The Federal Rules of Civil Procedure govern two types of intervention: intervention of right and permissive intervention. FED. R. CIV. PRO. 24. Any party seeking intervention of right that does not have a federal statutory right to intervene must meet four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998). All four requirements "must be satisfied to support a right to intervene." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Permissive intervention is granted upon timely motion to a party who "is given a conditional right to intervene by federal statute" or who "has a claim or defense that shares with the main action a common question of law or fact." Id. at 24(b)(1). Courts are "guided primarily by practical and equitable considerations" and "generally interpret the requirements broadly in favor of intervention." Donnelly, 159 F.3d at 409.

## III.     Analysis

Gaj argues that he should be granted intervention of right and, in the alternative, permissive intervention. Because an intervenor seeking intervention of right must meet all four requirements listed above, each will be analyzed in turn. The permissive intervention analysis

will follow.

First, the intervenor must timely move to intervene. The defendants do not argue that Gaj's motion to intervene is untimely. Defendants do argue that Gaj could have appealed the state court order but instead elected to intervene in this federal action. However, that does not mean that they dispute the timeliness of the motion. As such, the Court has not received an argument against timeliness and finds that Gaj has satisfied this requirement.

Second, the intervenor must have a significantly protectable interest. This requirement is disputed by the parties. Gaj asserts that, as a shareholder with a pending derivative suit against Defendants, he possesses a significantly protectable interest. Defendants argue that Gaj does not have a protectable interest because he brought his derivative suit on behalf of the corporation, and as such, the interest belongs to the corporation, not any individual shareholder. The Court agrees with Defendants. The corporation is "the true party in interest." Arduini v. Hart, 774 F.3d 622, 637 (9th Cir. 2014). Gaj himself does not have a protectable interest. Gaj represents the corporation, and the corporation has already reached a settlement. The state court settlement was negotiated by adequate representation that considered the exact claim Gaj is attempting to litigate in his pending federal suit. The corporation's interests have been met and neither Gaj nor the corporation has a protectable interest here. Gaj fails to meet this requirement for intervention.

Third, disposition of this case must impede the intervenor's ability to protect his interest. As discussed previously, all interests in derivative litigation belong to the corporation, not to any individual shareholder, and the corporation agreed to release Gaj's claim. Therefore, disposition of this case will not impact any of Gaj's interests. Disposition will impact Gaj's pending federal derivative suit against the defendants as the settlement agreement releases all state or federal claims against Defendants. If Gaj had a protectable interest, then this requirement would be satisfied. However, other requirements remain unsatisfied and prevent intervention of right.

Fourth, the intervenor's interests must have been adequately represented by the existing parties. When evaluating adequacy of representation, courts examine three factors. First, "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893,

898 (9th Cir. 2011). Second, "whether the present party is capable and willing to make such arguments." Id. Third, "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Id. The Court finds that the Lead Plaintiffs adequately represented the interests asserted by Gaj. The Securities Exchange Act Section 14(a) claim that Gaj is litigating in another federal court action were "part and parcel of the claims brought by the Lead Plaintiffs." (#97 at 19). The state-court approved settlement agreement contains "a host of negotiated reforms that [we]re specifically designed to address the Section 14(a) claim." Id. Gaj contends that the corporation's interests in litigating the Section 14(a) claim was not represented by the Lead Plaintiffs so his claim must survive so he can pursue it. However, that interest was included in the settlement negotiations and the corporation has resolved it in a satisfactory manner. The Lead Plaintiffs were capable and willing to litigate all the issues, including the Section 14(a) claim. Their choice to settle does not mean they neglected to litigate the issue or that they failed to make the argument. Therefore, Gaj cannot meet this requirement and intervention of right is improper.

Because Gaj cannot satisfy all four requirements of intervention of right, the Court denies him such relief.

Gaj also argues that the Court should exercise its discretion and grant him permissive intervention if it denies him intervention of right. Permissive intervention "is committed to the broad discretion of the district court." United States v. $129,374 in U.S. Currency, 769 F.2d 583, 586 (9th Cir. 1985). A court may grant permissive intervention when the intervenor shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997) (quoting Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)). Additionally, courts may consider other factors, such as the "nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." Spangler v. Pasadena Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977). These factors are "nonexclusive," and courts are free to consider

other factors in their analysis. <u>Donnelly</u>, 159 F.3d at 412. A district court "must consider whether intervention will unfairly prejudice the existing parties." <u>Id.</u>

The Court denies Gaj permissive intervention. Gaj's arguments regarding jurisdiction and common questions of law do not outweigh the other factors. As discussed previously, Gaj is attempting to litigate a claim that the parties have already settled. The state court approved the settlement after hearing Gaj's arguments. Relitigating those issues here would be unfairly prejudicial to the parties who have already litigated them. The state court approved the settlement and "[s]ettlements of shareholder derivative actions are particularly favored because such litigation is notoriously difficult and unpredictable." <u>Maher v. Zapata Corp.</u>, 714 F.2d 436, 455 (5th Cir. 1983) (quotations omitted). The Court agrees with the state court's finding that the settlement contract can release federal claims that the state court had no jurisdiction to resolve. <u>See</u> <u>Matsushita Elec. Indus. Co., Ltd. v. Epstein</u>, 516 U.S. 367, 375 (1996) (concluding that the Full Faith and Credit Act "is generally applicable in cases in which the state court judgment at issue incorporates a class action settlement releasing claims solely within the jurisdiction of the federal courts."). There is no reason to relitigate the matter, carve out exceptions to the settlement agreement that the parties in interest did not intend, or find fault in the notice provided to the shareholders of the action and settlement. As such, the Court grants full faith and credit to the state court judgment approving the settlement agreement and denies Gaj's motion for permissive intervention.

### IV.     <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Gaj's Motion to Intervene (#95) is **DENIED**.

Dated this 12th day of January, 2021.

_____
Kent J. Dawson
United States District Judge